United States District Court
for the
Southern District of Florida

| | |
|---|---|
| 227 NW 13 Ave, Inc., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 21-21405-Civ-Scola |
| Scottsdale Insurance Company, | ) |
| Defendant. | ) |

## Order

This matter is before the Court on Plaintiff 227 NW 13 Ave, Inc.'s (the "Property Owner") motion to remand its case back to state court (ECF No. 15).[1] Defendant Scottsdale Insurance Company filed a response in opposition to the motion (ECF No. 16), and the Property Owner has timely replied (ECF No. 17). After careful consideration of the briefs, the record, and the relevant legal authorities, the Court **grants** the Property Owner's motion to remand this case for the reasons below. (**ECF No. 15.**)

### 1. Background

The Property Owner alleges that his Miami, Florida, property, located at 227 NW 13th Avenue, Miami, Florida, suffered damage as a result of an accidental discharge of water from a plumbing system or appliance. (Compl., ECF No. 1-1.) The Property owner reported the loss, but Scottsdale denied coverage. (Compl. ¶ 6–8.) Thereafter, in January 2021, the Property Owner filed suit—seeking only declaratory relief—in state court. Upon receipt of what Scottsdale describes as a "global demand" from the Property Owner, for $512,711.00, Scottsdale removed the case to this Court, citing the Court's diversity jurisdiction, in April 2021. (Not. of Removal, ECF No. 1.)

### 2. Legal Standard

An "irreducible constitutional minimum," Article III standing ensures that each plaintiff is "a proper party to invoke judicial resolution of [a] dispute and the exercise of the court's remedial powers." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Ladies Mem. Assoc., Inc. v. City of Pensacola, Fla.*, 34 F.4th 988, 994 (11th Cir. 2022). Standing requires a plaintiff allege (1) an "injury in fact," (2) that the injury is "fairly traceable" to the defendant's actions, and (3) that the injury would "likely" be "redressed by a favorable

---

[1] This case was recently reassigned to this Court upon United States District Court Judge Kathleen M. Williams's recusal. (ECF No. 23.)

decision." *See Lujan*, 504 U.S. at 560–61. In removal cases, the defendant—as the party invoking the jurisdiction of the federal courts—bears the burden of establishing standing. *See Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021). Further, "because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* (cleaned up). And, because the "standing doctrine stems directly from Article III's 'case or controversy' requirement," it "implicates [a federal court's] subject matter jurisdiction." *Id.* (cleaned up).

Ultimately, the standing analysis depends on the type of relief sought. If a plaintiff seeks retrospective relief, the plaintiff must show "an invasion of a legally protected interest" that is "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical." *See id.* (quoting *Lujan*, 504 U.S. at 560). But, if a plaintiff seeks prospective relief, that plaintiff must "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *See id.* at 1357 (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)).

### 3. Analysis

The Eleventh Circuit's opinion in *Mack* controls the Court's analysis here. In *Mack*, the Eleventh Circuit held that, where a "plaintiff seeks *prospective* relief, such as a declaratory judgment, he must 'allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" *Mack*, 994 F.3d at 1357 (quoting *Malowney*, 193 F.3d at 1346) (emphasis in original). The court continued, finding that the plaintiff there had no standing to seek prospective relief, as while he had "doubt concerning [his] rights" under the insurance policy at issue, there was no substantial likelihood of a future injury that would invoke the policy. *Mack*, 994 F.3d at 1357. The plaintiff also had no standing to seek retrospective relief either, as the court held that while the plaintiff was permitted to bring a supplemental claim for damages, the "possibility of supplemental relief does not convert [the plaintiff's] declaratory judgment claims into an effort to remedy past injuries." *Id.* at 1357–58. Last, the court addressed the plaintiff's efforts to avoid federal jurisdiction. *Id.* at 1357. While it was "no secret" that the plaintiff there brought a claim for a declaratory judgment—rather than a claim for breach of contract—"to avoid federal jurisdiction," the court held that it is every plaintiff's "right to do so." *Id.*

Here, the Property Owner is seeking a declaration concerning insurance coverage for a specific past event—an accidental water discharge in October 2020. As there are no allegations of a reasonable expectation of future harm, though, there can be no standing for prospective relief. *See Lovelady v. Nat'l Spec. Ins. Co.*, No. 21-80717-CIV, 2021 WL 3855601, at *3 (S.D. Fla. Aug. 30,

2021) (Singhal, J.) (granting a motion to remand where the plaintiffs only sought "a declaration about coverage for [a] past event") (discussing *Mack*, 994 F.3d at 1357). Scottsdale argues that the Property Owner's claim is really seeking retrospective monetary relief, just disguised as an action for declaratory relief. And while the Property Owner has certainly framed the controversy, in some respects, through a monetary lens, referencing an "amount in controversy" "greater than $30,000" (Compl. ¶ 13), at bottom, it nonetheless seeks only declaratory relief in its complaint. Nor does the Property Owner's offer to settle for a sum certain, exceeding the jurisdictional threshold, change or somehow amend the nature of the relief actually sought in the complaint. Simply put, Scottsdale fails to persuade that the Court should deviate from the general principle that a declaratory judgment—by definition—provides solely prospective relief. *See Mack*, 994 F.3d at 1357.

While the Property Owner certainly could have brought a retrospective claim for damages, it is a plaintiff's prerogative to frame its pleadings as it chooses. *See Mack*, 994 F.3d at 1357; *see also Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[P]laintiffs are 'the master of the complaint' and are 'free to avoid federal jurisdiction' . . . by structuring their case to fall short of a requirement of federal jurisdiction.") (quoting *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004)). The Property Owner here chose to frame it claim in a manner that avoids federal jurisdiction, and accordingly, without subject-matter jurisdiction, the Court is powerless to act.

### 4. Conclusion

For the above reasons, the Court **grants** the Property Owner's motion for remand (**ECF No. 15**) and **remands** this case to state court. The Court **directs** the Clerk to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the **Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County**. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on August 8, 2022.

_____
Robert N. Scola, Jr.
United States District Judge